UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

GABRIEL MALDONADO VASQUEZ, ET AL.,
On behalf of themselves and all
others similarly situated,                    15 Cv. 3946 (JGK)

                          Plaintiffs,         MEMORANDUM OPINION AND
                                              ORDER
         - against -

UNITED STATES OF AMERICA, ET AL.,

                          Defendants.
————————————————————————————

JOHN G. KOELTL, District Judge:

     The plaintiffs are three undocumented immigrants who were

arrested by federal officials and detained pending their removal

from the United States.  They bring this action under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.,

and Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics, 403 U.S. 388 (1971), on behalf of themselves and a

purported class alleging various claims against federal

officials pertaining to their detention and removal.  Currently

before the Court is their emergency motion to stay their removal

pending the outcome of this action.  Because the Court does not

have jurisdiction to stay their removal, that motion is **denied.**

                              **I.**

     As an initial matter, the plaintiffs' motion is moot as to

two of the three named plaintiffs.  In April 2015, prior to when

the plaintiffs brought this action, the plaintiff Gabriel

Maldonado Vasquez was removed from the United States to his home
country of Guatemala.  Compl. ¶ 71.  Therefore, as one district
court has already found with respect to Vasquez, any request to
stay his removal is moot.  See Vasquez v. Aviles, No. 15cv2341,
2015 WL 1914728, at *2 (D.N.J. Apr. 24, 2015).  Indeed, the
plaintiffs do not appear to seek relief as to Vasquez in this
motion.

On February 2, 2015, the plaintiff Ming Hui Lu pleaded
guilty to one count of Conspiracy to Commit Immigration Fraud in
the United States District Court for the Eastern District of
Virginia.  Compl. ¶ 105.  Since then, Lu has been detained in
the custody of Immigration and Customs Enforcement ("ICE") in
Farmville, Virginia. Id. ¶ 106.  In June 2015, Lu filed an
appeal in the Second Circuit Court of Appeals, challenging a
decision of the Board of Immigration Appeals ("BIA").  See Lu v.
Lynch, No. 15-1856-CV (2d Cir. 2015).  The Government has stayed
Lu's removal pending his appeal pursuant to its forbearance
policy in the Second Circuit, which pertains only to appeals
before the Court of Appeals.  See In re Immigration Petitions
for Review Pending in U.S. Court of Appeals for Second Circuit,
702 F.3d 160, 162 (2d Cir. 2012).  Because Lu will not be
removed during the pendency of his appeal, he "lack[s] a legally
cognizable interest in the outcome" of this motion to stay the
plaintiffs' removal.  See Jennifer Matthew Nursing & Rehab. Ctr.

2

v. U.S. Dep't of Health & Human Servs., 607 F.3d 951, 956 (2d Cir. 2010).  Therefore, the request to stay Lu's removal is moot.  Moreover, Lu cannot show the immediate and irreparable injury needed for emergency relief when his removal is already being stayed in connection with his appeal to the Court of Appeals for the Second Circuit.

In their reply brief and during oral argument, the plaintiffs argued that the motion to stay removal also applies to the prospective class identified in the Complaint.  In the Complaint, the plaintiffs state that they seek to represent a class consisting of:

> All current and future persons whom ICE has . . . placed in its custody following a final order of removal, and has continued to detain, regardless of their eligibility for various forms of relief from removal, or regardless of pending applications for various forms of relief from removal.

Compl. ¶ 18.  The plaintiffs now argue that the Court should stay removal of all such persons.  But when the plaintiffs originally brought this motion, it did not mention any absent class members, and only sought emergency relief for the named plaintiffs.  The plaintiffs cannot broaden the relief sought in a reply brief to which the Government had no opportunity to respond.  Accordingly, the Court will only consider the motion as to the plaintiff Jiang Mei Zhan.

## II.

### A.

On May 19, 2014, plaintiff Jiang Mei Zhan, a Chinese citizen, entered the United States by crossing the United States-Mexico border.  Compl. ¶ 82.  She was apprehended by ICE officers the same day and was placed into ICE custody in Texas. Id. ¶¶ 11, 82.  On June 23, 2014, ICE served Zhan with a Notice to Appear, charging her with unlawfully entering the country without valid entry documents and commencing removal proceedings against her.  Onozawa Decl. Ex. A.  In July 2014, Zhan filed an I-589 application for asylum and withholding of removal, claiming religious and political persecution.  Id. Ex. B.  On September 5, 2014, the Immigration Judge ("IJ") for the Port Isabel Immigration Court in Texas denied Zhan's application. Id. Ex. C; Compl. ¶ 85.  The IJ found that Zhan had failed to present obtainable corroborating evidence in support of her asylum claim, and thus was not eligible for asylum.  Onozawa Decl. Ex. C, at 7.  Zhan appealed the IJ's decision, and on January 2, 2015, the BIA dismissed Zhan's appeal.  Id. Ex. D; Compl. ¶ 86.

In January 2015, Zhan appealed the BIA's decision to the Fifth Circuit Court of Appeals.  Compl. ¶ 87; Zhan v. Lynch, No. 15-60026-CV (5th Cir. 2015).  In the meantime, in March 2015, ICE issued a 90-Day Custody Decision as to Zhan, declining to

release Zhan from custody and informing her that she was "under a final order of removal." Wang Decl. ¶ 5, Ex. C.  In April 2015, Zhan filed a motion with the Fifth Circuit Court of Appeals to stay her impending removal.  Compl. ¶ 88.  The court denied the motion in a per curiam order issued on May 7, 2015. Onozawa Decl. Ex. H.  Shortly thereafter, Zhan filed a motion for reconsideration of that denial.  Compl. ¶ 90.  On May 29, 2015, the court denied that motion.  Onozawa Decl. Ex. J.

On May 22, 2015, Zhan, along with Lu and Vasquez, brought suit in this Court.  The plaintiffs sued the United States and several federal officials, alleging the following six claims: (1) a violation of the Take Care Clause, U.S. Const. art. II, § 3, cl. 5, based on the defendants' alleged failure to exercise their removal discretion in accordance with, among other things, the President's Deferred Action for Childhood Arrivals ("DACA") Memorandum; (2) a violation of the APA based on the defendants' alleged failure to follow ICE regulations and policies; (3) a Bivens claim under the Fourth Amendment for false arrest and false imprisonment against defendants ICE agents in their individual capacity; (4) a Bivens claim under the Fourth Amendment against ICE agents for excessive force; (5) a Due Process claim under the Fifth Amendment for various alleged procedural violations occurring in the course of the plaintiffs' detention and removal; and (6) a Substantive Due Process claim

relating to the plaintiffs' detention and removal.  The Complaint seeks certification of a class of plaintiffs and seeks various forms of declaratory, compensatory, and injunctive relief, including the release of the plaintiffs from custody and an injunction barring the plaintiffs' removal from the United States.

On June 17, 2015, the plaintiffs filed this emergency motion seeking a stay of removal.[1]

**B.**

The parties devote their briefs in this motion to arguing whether Zhan has satisfied the four-factor test for granting a stay of removal articulated in Nken v. Holder, 556 U.S. 418, 434 (2009).  However, the Court need not reach that question because the Court does not have jurisdiction to grant a stay of Zhan's removal.

The REAL ID Act of 2005 amended the immigration laws to provide that "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial

---

[1] At a telephone conference held on July 21, 2015, the Government represented that Lu's removal was stayed pending the resolution of his Second Circuit appeal, but that the Government could not assure that ICE would not remove Zhan from the country before the Court decided the present motion. Thereafter, the Government submitted a letter stating that Zhan's removal would be stayed at least until August 7, 2015.  The Court held argument on the motion on July 29, 2015.

review of an order of removal entered or issued under any
provision of this chapter." 8 U.S.C. § 1252(a)(5). Such a
petition encompasses "[j]udicial review of all questions of law
and fact, including interpretation and application of
constitutional and statutory provisions, arising from" removal
proceedings. Id. § 1252(b)(9). The Act similarly divests this
Court of jurisdiction to hear a challenge to removal
proceedings: "Except as provided in this section . . ., no court
shall have jurisdiction to hear any cause or claim by or on
behalf of any alien arising from the decision or action by the
Attorney General to commence proceedings, adjudicate cases, or
execute removal orders against any alien under this chapter."
Id. § 1252(g). Section 1252 plainly requires direct challenges
to final orders of removal to be filed in the appropriate court
of appeals, and it also applies to independent claims that
indirectly challenge removal orders. See Delgado v.
Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam).
"[W]hether the district court has jurisdiction will turn on the
substance of the relief that a plaintiff is seeking." Id.

Because the immigration court that adjudicated Zhan's
removal order was located in Texas, § 1252(b)(2) required that
any petition for review be filed with the Fifth Circuit Court of
Appeals. 8 U.S.C. § 1252(b)(2) ("The petition for review shall
be filed with the court of appeals for the judicial circuit in

7

which the immigration judge completed the proceedings."). Indeed, Zhan filed her petition with the Fifth Circuit Court of Appeals, and twice requested a stay of her removal from that court, which the court twice denied.  The Fifth Circuit Court of Appeals, not this Court, was the proper venue for that application.  District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal.  See, e.g., Eisa v. Immigration & Customs Enforcement, No. 08cv6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008) (collecting cases); Luciano v. Holder, No. 15cv0090, 2015 WL 4249520, at *3 (S.D. Cal. July 13, 2015) (concluding that the court lacks jurisdiction to stay removal proceedings); Nken v. Chertoff, 559 F. Supp. 2d 32, 37 (D.D.C. 2008) (same).

Of course, the REAL ID Act does not divest district courts of jurisdiction over all habeas, mandamus, or civil rights actions brought by petitioners who have parallel proceedings in immigration courts.  See Farez-Espinoza v. Chertoff, 600 F. Supp. 2d 488, 493 (S.D.N.Y. 2009).  If a plaintiff brings claims that are "independent of any challenges to removal orders," the REAL ID Act's jurisdictional limitation does not apply. See Hassan v. Holder, No. 11cv7157, 2014 WL 1492479, at *6 (S.D.N.Y. Apr. 15, 2014).  Zhan argues that, in this case, she is not challenging the removal order; she is challenging the

8

constitutionality of the actions of federal officials following her detention.  But the relief sought by the current motion is a stay of her removal.  Accordingly, whatever the merits of her underlying claims, the Court does not have jurisdiction to grant this motion.  See Nken v. Chertoff, 559 F. Supp. 2d at 36-37 (denying emergency motion to stay removal despite the petitioner's argument that he was only raising "legal and Constitutional" issues, such as a purported "denial of Due Process").

Accordingly, the plaintiffs' motion is **denied.**


### Conclusion

To the extent not specifically addressed above, any remaining arguments are either moot or without merit.  For the reasons explained above, the plaintiffs' motion for a stay of their removal is **denied.  The Clerk is directed to close Docket Nos. 7 and 10.**


SO ORDERED.

Dated:     New York, New York
           July 31, 2015            _____/s/_____
                                         John G. Koeltl
                                    United States District Judge


9